**THOMAS R. SUOZZI**
County Executive



**LORNA B. GOODMAN**
County Attorney

COUNTY OF NASSAU
OFFICE OF THE COUNTY ATTORNEY
One West Street
Mineola, New York 11501-4820
PHONE: 516-571-3056  FAX: 516-571-3058
Writer's Direct Line: 516-571-3014

April 1, 2009

Hon. Arlene R. Lindsay
United States District Court
Eastern District of New York
P.O. Box 9014
Central Islip, New York 11722

      Re:    Peter Solomon v. Nassau County, et al.
             CV-08-0703 (ADS) (ARL)

Dear Magistrate Judge Lindsay:

      This Office represents Nassau County, the Nassau County Correctional Center, retired Sheriff Edward Reilly and Undersheriff Michael Sposato (hereinafter collectively referred to as the "County Defendants"), several of the defendants in the above-referenced action. This matter was previously defended by Deputy County Attorney Ryan Singer who recently left this Office for a position with the New York State Court system. Deputy County Attorney Matthew Weinick and the undersigned are currently assigned to this matter.

      Plaintiff's counsel served a Notice to Permit Entry upon the premises of the Nassau County Correctional Center ("NCCC"). A copy of said Notice is annexed hereto. The County Defendants objected to said notice and the parties have subsequently attempted to resolve this issue. However, it appears that the parties are at an impasse and require the Court's intervention.

      By way of background, the Complaint alleges that plaintiff was a pre-trial detainee at NCCC, housed on a medical observation unit on February 22, 2007 when he was bitten by a rodent. The subject Notice to Permit Entry requests access to "inspect, measure, survey, photograph, test or sample" four areas of the facility; to wit, (1) plaintiff's cell prior to 2/22/07, (2) plaintiff's cell on 2/22/07, (3) the medical clinic located in the "core building," (4) the medical clinic located in the "annex building."

      The Plaintiff's Notice is objectionable because (1) with the exception of plaintiff's cell on February 22, 2007, the Notice seeks access to areas of the facility against which no allegation is made in the Complaint, (2) requests to view to the medical clinics are overly broad, (3) permitting

access by plaintiff's counsel to housing areas would be disruptive to NCCC because all other inmates would have to be moved from the housing area or locked in their cells while civilians are on their tier, and (4) similarly, visits to the medical clinics would be disruptive and burdensome to the facility because the clinics would have to be closed down to permit civilian access which would infringe on the rights of inmate patients. The Complaint alleges improper medical treatment by a particular physician. The physical plant is not at issue and inspection of the clinics is thus irrelevant and not likely to lead to admissible evidence.

In an effort to resolve this dispute, plaintiff's counsel was offered copies of photographs depicting a typical cell at NCCC and photographs of the cell which plaintiff occupied on February 22, 2007 in addition to a sketch of the medical clinics. Each of these options was rejected.

The County Defendants', therefore, submit this issue for Court resolution. Thank you for your time and attention in this matter.

Respectfully submitted,

Liora M. Ben-Sorek
Deputy County Attorney

Enclosure

cc: John Ware Upton, Esq. (Via ECF)
Paul Thomas Layton, Esq. (Via ECF)
Alexander Sansone, Esq. (Via ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

PETER SOLOMON,                                Docket No. 08 Civ. 703 (ADS)

               Plaintiff,
     against-                              **NOTICE TO PERMIT ENTRY**

NASSAU COUNTY; NASSAU COUNTY
CORRECTIONAL CENTER; and SHERIFF
EDWARD REILLY, UNDERSHERIFF MICHAEL            ECF CASE
SPOSATO and DR. BRUCE DAVID,
individually and in their official
capacities,
              Defendants.

------------------------------------X

    PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure, the plaintiff Peter Solomon, by his counsel Paul Layton and John Ware Upton, Request Entry at the specified locations at the Nassau County Correctional Center to inspect, measure, survey, photograph, test or sample said property on March 27, 2009, at 10 a.m., or on a lawfully adjourned day.

    The specific locations are: 1) plaintiff's cell prior to 2/22/07, 2) medical clinic "core building", 3) plaintiff's cell on 2/22/07, 4) medical clinic "annex" building.

Dated: New York, New York
       February 26, 2009

JOHN WARE UPTON, ESQ. (JU-9065)
70 Lafayette St. 7th Fl.
New York, N.Y. 10013
(212) 233-9300

```
                              PAUL THOMAS LAYTON, ESQ. (PL-9242)
                              30 Vesey St.  Ste. 1803
                              New York NY 10007
                              (212) 227-1104

                              Attorneys for Peter Solomon
```

TO:
Alexander V. Sansone
Law Offices of Edward J. Troy
44 Broadway
Greenlawn, NY 11740
(516) 742-7200


Ryan Singer, Esq.
County of Nassau, Office of the County Attorney
Ralph G. Caso Executive and Legislative Building
1 West St  2nd Fl.
Mineola, New York 11501-4820
(516) 571-1764